STEPHEN J. DUGGAN (SBN 153817)
Attorney at Law
640 Healdsburg Avenue
Healdsburg, CA 95448
707-473-2800
707-473-2801 (Fax)
stephenjduggan@comcast.net

Attorney for Plaintiffs Judith Sanderson and A.S.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| A.S. a minor; JUDITH SANDERSON individually and as parent of her minor child, A. S, <br><br> Plaintiffs, <br><br> vs. <br><br> HEALDSBURG UNIFIED SCHOOL DISTRICT <br><br> Defendant. | Case No. CV-08-1776 CW <br><br> COMPLAINT FOR DAMAGES FOR VIOLATIONS OF 42 U.S.C. § 200d, CALIFORNIA CONSTITUTION, CALIFORNIA EDUCATION CODE §§ 220, 260; CALIFORNIA UNRUH CIVIL RIGHTS ACT § 52 <br><br> **BY FAX** <br><br> (DEMAND FOR JURY TRIAL) |

Plaintiffs A.S. AND JUDITH SANDERSON complain as follows:

1. Plaintiff A.S. was a student in sixth grade at Healdsburg Junior High ("HJH"), a school owned and administered by Defendant, from September 2006 through June 2007. She is of Asian (Chinese) ancestry.

2. Her mother is Plaintiff JUDITH SANDERSON, a teacher in an elementary school within the HUSD.

3. Throughout the year, A.S. was subjected to a severe and pervasive hostile environment based on her race by other students, five students particularly targeted her with comments and slurs directed at her Asian ancestry and appearance. A.S. was in a PE class of 53 students. There was a lack of supervision in that class, and students were bullying other

COMPLAINT FOR DAMAGES                    1

students in the class, including A.S.. Students were jumped on, pushed, and otherwise battered by their classmates.

4. A.S. and her mother asked that she be protected and, if necessary, moved from the class, but no accommodation was offered and nothing was done to correct the situation. A.S. continued to be subjected to abuse..

5. A.S. was left to fend for herself, and adapted by doing her best to stay away from the students who were bullies. The stress and emotional distress were very hard on A.S., making it very hard for her to go to school. She was afraid throughout the school year. It was also very hard on Judith, her mother, because HUSD not only had a statutory obligation to provide a safe environment for her daughter and had failed to adequately protect her, but also HUSD is her employer.

6. Judith Sanderson tried for several months informally to get the school authorities to stop this abuse. When nothing was done, Judith formally made a complaint of racial harassment and physical abuse of her daughter by other students on school grounds on about April 26, 2007. She demanded that the district meet their responsibilities and protect her daughter.

7. HUSD was informed of the identity of each of the children who were harassing A.S.. After a brief "investigation," HUSD suspended only one student, for only one day. Not only was no other action of any kind taken, but incredibly one of the other children who had been found to have participated in the harassment was even allowed to go on a band **reward** trip, just several days after the formal complaint was filed and the student's involvement in racial harassment of a classmate was confirmed!

8. The only solution that HUSD offered was for A.S. to meet with the five abusers and tell them how they made her feel. A.S., when told of this offer, became emotionally distraught at the prospect of having to face her tormentors. She could not do it.

9. Because HJH did nothing else to protect her daughter, Judith enlisted the informal assistance of people she knew personally at the school to watch over her daughter, to

COMPLAINT FOR DAMAGES                              2

1. ensure she was at least not physically assaulted again during the few weeks remaining in the school year. However, A.S. continued to be verbally harassed by these same children. One example of this is that one the children accosted A.S. in a classroom, and called her a "little, slanty-eyed snitch"! A.S. told her mother that she felt like an "emotional punching bag" because of how she continued to be treated by her fellow students, treatment that was tolerated by HUSD.

10. Because HUSD was obviously not going to take action to ensure a safe environment for A.S. at any public school in Healdsburg, Judith had no choice but to remove her daughter from the HUSD and send her to a private school beginning in about September 2007, a school that would meet its obligations and provide the safe environment to which A.S., and all schoolchildren in California, are entitled. There is no other public junior high school in Healdsburg. And, not only would A.S., if she stayed in the Healdsburg public school system, have had to spend another two years at that school, but also she would then have been going on to the only high school in Healdsburg, also within the HUSD, where all her tormentors were also going to go.

11. Damages to date are for annual private school tuition and additional educational costs to send A.S. to the Healdsburg School, a private school where she will be protected from racial and gender harassment, for her remaining junior high, and high school years, at a cost of approximately $90,000.00, and for emotional distress damages for A.S. and for Judith Sanderson. A.S. still suffers from the emotional trauma of being an "emotional punching bag" for her tormentors, and from the trauma of not being protected by the school authorities.

12. On October 29, 2007, Plaintiffs filed a complaint pursuant to California Government Code § 910 with the HUSD School Board. The Board denied their claims on January 16, 2008. (Government Code § 945.6.)

COMPLAINT FOR DAMAGES                    3

## FIRST CAUSE OF ACTION

(Violation of Cal. Constitution, Ed Code § 220, 260)

13. Plaintiffs incorporate herein by this reference Fact Numbers 1 through 12, above, and bring this cause of action against Defendant.

14. By policy and state law, A.S. had an inalienable right to attend a safe, secure and peaceful public school and to be protected from bullying and harassment. (Cal. Const, Art. 1 § 28(c); see, e.g., Education Code §§ 44805, 44807.) Further, no person "may be subjected to discrimination on the basis of sex, ethnic group identification, race, … in any program or activity conducted by an educational institution" receiving state funds. (Education Code § 220.) The School Board is responsible for ensuring compliance with these laws. (Education Code § 260.) These provisions may be enforced by civil action. (Education Code §262.4.)

15. HUSD failed in its duty to provide such an environment, after knowledge of the condition, and has failed to adequately investigate and resolve racial harassment. Therefore, HUSD is liable for the breach of those duties which have caused financial and emotional damages to Judith Sanderson and her daughter, A.S..

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 2000d)

16. Plaintiffs incorporate herein by this reference Fact Numbers 1 through 12, above, and bring this cause of action against Defendant.

17. Since HUSD received federal funding for education during the material time frame of this complaint, it is also liable for the hostile racial educational environment it allowed to go unaddressed, under Title VI of the Civil Rights Act of 1964. (42 U.S.C. § 2000d.) It was deliberately and wrongfully indifferent to A.S.'s right to a learning environment free of racial hostility and discrimination.

WHEREFORE, Plaintiff prays for judgment as set forth below.

COMPLAINT FOR DAMAGES                                  4

THIRD CAUSE OF ACTION

(California Civil Code § 51(b))

18. Plaintiffs incorporate herein by this reference Fact Numbers 1 through 12, above, and bring this cause of action against Defendant.

19. HUSD, by failing to take action as set forth above, as it was required to do, violated the California Unruh Civil Rights Act, which provides "All persons within the jurisdiction of this state are free and equal, and no matter what their ... race, ... ancestry, national origin, ...are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

WHEREFORE, Plaintiff prays for judgment as set forth below.

JURISDICTIONAL STATEMENT

This court has jurisdiction of this matter under 28 U.S.C. § 1331 and 42 U.S.C. § 2000d. Venue is appropriate in this court as Plaintiffs' causes of action arose in this District.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant:

1. For economic damages according to proof, including but not limited to tuition and cost for private education through graduation from high school;

2. For other compensatory damages in the amount of $300,000.00 for each Plaintiff;

3. For attorney fees and costs;

4. For such other and further relief as the court deems proper.

JURY DEMAND

Plaintiffs demand a jury trial on their claims.

Dated: April 2, 2008

_____
STEPHEN J. DUGGAN
Attorney for Plaintiffs Judith Sanderson and A.S., a minor